IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TRAVIS ROGERS, ) <br> ) <br> Defendant. ) <br> _____ ) | No. 2:24-cv-03319-DCN <br><br> **ORDER** |

This matter is before the court on plaintiff Nutrien Ag Solutions, Inc.'s ("Nutrien") motion to strike and for leave to file sur-reply, ECF No. 44. For the reasons set forth below, the court denies Nutrien's motion to strike and grants its motion for leave to file a sur-reply.

## I.  BACKGROUND

Defendant Thomas Rogers ("Rogers") was once employed by Nutrien. ECF No. 1, Compl. ¶ 3. According to Nutrien, Rogers and eleven other employees left their jobs to begin working for Orion Solutions, LLC ("Orion"), one of Nutrien's competitors. Id. ¶ 4. Nutrien accuses Rogers of meeting with members of Orion's leadership team to organize this "exodus" and, in the process, taking more than 1,000 highly confidential documents with him in an effort to misappropriate Nutrien's trade secrets. Id. ¶¶ 4–6.

Nutrien filed this lawsuit against Rogers on May 31, 2024. ECF No. 1, Compl. It alleges six causes of action: (1) breach of contract, (2) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1831, et seq., (3) violation of South Carolina's Uniform Trade Secrets Act, S.C. Code Ann. § 39-8-10, et seq., (4) breach of fiduciary duty and duty of loyalty, (5) aiding and abetting breach of fiduciary duty and breach of duty of loyalty,

1

and (6) conspiracy.[1]  Compl. ¶¶ 34–75.  Orion moved to intervene on July 8, 2024.  ECF No. 15.  Nutrien responded in opposition to Orion's motion to intervene on July 22, 2024.  ECF No. 27.  On August 5, 2024, Orion filed a reply, ECF No. 40, and attached three declarations to its reply brief, ECF Nos. 40-1, Ireland Decl.; 40-2, Roark Decl.; 40-3, Adam Decl.

Nutrien moved to strike the three declarations and for leave to file a sur-reply on August 14, 2024.  ECF No. 44.  Orion responded in opposition to Nutrien's motion to strike on August 28, 2024, ECF No. 47, to which Nutrien replied on September 4, 2024, ECF No. 48.  As such, Nutrien's motion to strike Orion's declarations is now fully briefed and ripe for the court's review.

## II.  DISCUSSION

Nutrien makes two requests in the motion that is the subject of this order.  ECF No. 44.  First, Nutrien argues that the court should strike the three declarations Orion attached to its reply brief in support of its motion to intervene.  Id. at 2–5.  Second, Nutrien requests leave to file a sur-reply to address an argument raised by Orion in its reply brief.  ECF No. 44 at 5–6.  The court will start with Nutrien's motion to strike.

### A. Motion to Strike

Nutrien argues that Orion's declarations should be stricken for two reasons.  First, Nutrien argues that the declarations are untimely under Rule 6(c)(2) of the Federal Rules of Civil Procedure.  ECF No. 44 at 2–3.  Second, Nutrien contends that Orion's declarations are not admissible because they are comprised of hearsay statements and are

---

[1] Rogers moved to dismiss Nutrien's first, fourth, and fifth claims on July 15, 2024, and that motion remains pending.  ECF No. 16.

not based on the declarants' personal knowledge. Id. at 3–5. The court takes each of these arguments in turn.

Rule 6(c)(2) states that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Nutrien argues that the court should strike Orion's declarations as untimely under this rule because Orion attached its declarations to its reply brief, rather than serving them with its motion to intervene. ECF No. 44 at 2–3. In response, Orion argues that Rule 6(c)(2) does not bar affidavits or declarations attached to reply briefs, that Nutrien is not prejudiced by the declarations because it will have the opportunity to respond to them in its sur-reply, and that the declarations support arguments raised for the first time in Nutrien's response to Orion's motion to intervene. ECF No. 47 at 1–6. In reply, Nutrien maintains that the declarations are untimely under Rule 6(c)(2) because, though the declarations were attached to Orion's reply brief, the declarations are being used to bolster arguments Orion first made in its motion, rather than new arguments Orion made in its reply. ECF No. 48 at 1–4.

Rule 6(c)(2) makes clear that affidavits or other documents used to support a motion are untimely if they are not attached to the motion. Fed. R. Civ. P. 6(c)(2); see Masters v. Lin, 2015 WL 12830505, at *6 (D.S.C. Jan. 23, 2015) ("Although Section 6(c)(2) refers to 'affidavits,' . . . that language includes other documents in support of the motion."). Nevertheless, courts in this circuit recognize that there are circumstances in which they may consider documents attached to reply briefs. See, e.g., Abrasives-S., Inc. v. Awuko Abrasives Wandmacher GMBH & Co. KG, 225 F. Supp. 3d 568, 571 (D.S.C. 2016); McGinnis v. Se. Anesthesia Assocs., P.A., 161 F.R.D. 41, 42 (W.D.N.C. 1995) (interpreting similar language from a prior version of Rule 6). Specifically, courts may

consider such documents when they "do not support the . . . motion, but rather support the reply." McGinnis, 161 F.R.D. at 42. The court must, therefore, decide whether Orion's declarations support its motion or support an argument first raised in Orion's reply to Nutrien's response. To answer this question, the court will review the relevant portions of the parties' arguments on intervention.

In its initial motion to intervene, Orion argued, among other things, that it has an interest in the outcome of this case because Nutrien is seeking an injunction to prevent Orion from employing Rogers, which would impact Orion's ability to continue to employ its sales personnel and in turn its revenue and bottom line. ECF No. 15 at 6–8. In its response, Nutrien argued that Orion's assertions about its possible financial difficulties were "conclusory" and unsupported by evidence. ECF No. 27 at 2. Orion then cited to its declarations in its reply brief to further explain the economic setbacks it potentially faces. ECF No. 40 at 4–5 (citing Adam Decl. ¶¶ 5, 6–9, 13–14). Although this is a close call, the court finds that Orion's declarations are responsive to arguments raised in Nutrien's response.[2] As such, the court finds that the declarations Orion attached to its reply brief are not barred by Rule 6(c)(2). See, e.g., McGinnis, 161 F.R.D. at 42; Abrasives-S., 225 F. Supp. 3d at 571.

Nutrien's second argument is that the court should not consider Orion's declarations because they are comprised of hearsay statements and are not based on the

---

[2] To be clear, the court's reasoning is specific to the facts and procedural posture of this case. Indeed, the court's conclusion is bolstered by the fact that Nutrien will have the opportunity to respond to Orion's declarations in its sur-reply, as explained below. Thus, the ultimate purpose of Rule 6—to ensure the non-movant has the opportunity to respond rather than being surprised by eleventh hour filings—is satisfied. See McGinnis, 161 F.R.D. at 42.

declarants' personal knowledge.  ECF No. 44 at 3–5.  In response, Orion concedes that there are several hearsay statements throughout the declarations.  ECF No. 47 at 6.  Nevertheless, Orion argues that this should not prevent the court from considering the affidavits because "not every statement in the Declarations is hearsay" and because the court should not be bound by strict adherence to the rules of evidence at this stage in the proceedings.  Id.  Orion argues by analogy that courts often rely on hearsay or other inadmissible evidence when deciding similar issues, such as whether to grant a preliminary injunction.  Id. at 7.  In reply, Nutrien maintains that the court should strike the affidavits because not doing so would permit a sweeping new exception to the hearsay rule and because the information in the declarations is irrelevant and unreliable for various reasons.  ECF No. 48 at 4–8.

    The court agrees that the declarations contain several hearsay statements or statements not based on the declarants' personal knowledge.  See, e.g., Ireland Decl. ¶ 8–11, 14; Roark Decl. ¶¶ 4–8, 10.  However, the court is not convinced that this requires striking the declarations.  Instead, the court can simply disregard any portion of the declarations that it deems unreliable in considering Orion's motion to intervene.  Therefore, the court denies Nutrien's motion to strike without prejudice.

    **B. Motion for Leave to File Sur-Reply**

    This court's local rules do not address sur-replies.  See Local Civ. Rules 7.01–7.07 (D.S.C.).  However, the court may, in its discretion, grant leave for parties to file a sur-reply when that party first asks permission to do so.  Perez v. S.C. Dep't of Lab., Licensing & Regul., 2018 WL 2455093, at *4 n.10 (D.S.C. June 1, 2018).  "[C]ourts in this circuit generally only allow sur-replies when fairness dictates that a party be

provided the opportunity to address an issue that was raised for the first time in a responsive briefing." Koppers Performance Chems., Inc. v. Travelers Indem. Co., 2021 WL 5906112, at *3 (D.S.C. Nov. 5, 2021).

In its reply regarding its motion to intervene, Orion cited, for the first time, to the United States District Court for the Western District of Kentucky's decision in Invesco Institutional (N.A.), Inc. v. Paas, 2008 WL 4858210 (W.D. Ky. Nov. 7, 2008). See ECF No. 40 at 3. Nutrien argues that a sur-reply is necessary so that it can address this case, ECF No. 44 at 5–6, and it attached a proposed sur-reply to its motion, ECF No. 44-1. Orion consents to Nutrien filing a sur-reply for this purpose and has also suggested that Nutrien address its reply declarations in that sur-reply. See ECF No. 47-1 at 2–3 (email correspondence showing Orion's counsel consenting).

Additionally, after the parties had fully briefed both Orion's motion to intervene and Nutrien's motion to strike, Orion filed a Notice of Recent Ruling Related to Orion's Pending Motion to Intervene. ECF No. 54. In this filing, Orion notified the court of the United States District Court for the Middle District of Pennsylvania's decision in Nutrien AG Solutions, Inc. v. Dunlap, No. 1:24-cv-1069 (M.D. Pa. Oct. 2, 2024). ECF No. 54. If Nutrien wishes to respond to the court's decision in Dunlap, it may do so in the sur-reply. Thus, in sum, Nutrien's sur-reply may address three things: (1) the Western District of Kentucky's decision in Invesco, 2008 WL 4858210, (2) Orion's declarations, and (3) the Middle District of Pennsylvania's decision in Dunlap, No. 1:24-cv-1069. Nutrien shall file its sur-reply within fourteen (14) days of the date of this order.

### III. CONCLUSION

For the reasons set forth above, Nutrien's motion to strike Orion's declaration and for leave to file a sur-reply is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

AND IT IS SO ORDERED.

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 7, 2024**
**Charleston, South Carolina**